**In re Anonymous No. 75 D.B. 92**

Disciplinary Board Docket no. 75 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

FREEDMAN, *Member,* May 6, 1993—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

On June 18, 1990 a criminal complaint was filed against the respondent in the Court of Common Pleas of [    ] County at Criminal Action no. [    ] of 1990, charging respondent with driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3731(a)(1) and (4)) and homicide by vehicle while driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3735(a)). On September 9, 1991 respondent entered a guilty plea to the charges of homicide by vehicle (75 Pa.C.S. §3732) and driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3731(a)(1) and (4)).

On May 21, 1992 the Supreme Court of Pennsylvania issued a rule to show cause why respondent should not be placed on temporary suspension. Respondent filed a response to the rule on May 28, 1992 and petitioner filed a reply on June 10, 1992. On August 12, 1992 the Supreme Court placed respondent on temporary suspension and referred the matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1). On September 9, 1992 respondent filed a petition to dissolve order of temporary suspension with the Supreme Court and petitioner filed a reply on September 11, 1992. By order of the Disciplinary Board dated September 17, 1992, board member Michael J. Witherel was designated to preside over a

hearing to consider respondent's petition. On September 22, 1992 a hearing was held regarding the petition to dissolve. On September 25, 1992 board member Witherel forwarded his recommendation to the Supreme Court recommending that the order entered August 12, 1992 be affirmed without prejudice to the right of the respondent to petition the court for dissolution or amendment if reconsideration of said matter was deemed necessary in the future.

On September 15, 1992 the Office of Disciplinary Counsel filed a petition for discipline against [    ]. Respondent filed his answer on September 24, 1992.

On September 25, 1992 the matter was referred to Hearing Committee [    ] which was chaired by [    ], Esq., and included members [    ], Esq., and [    ], Esq. A hearing was held on October 9, 1992. On January 25, 1993 the Hearing Committee filed its report and recommended that the suspension of August 12, 1992 be lifted and that the respondent receive a private reprimand.

On February 4, 1993 petitioner filed its brief on exceptions. On February 19, 1993 the respondent filed his brief opposing exceptions and requested oral argument. On February 24, 1993 oral argument was held before a panel of the board.

The matter was adjudicated at the February 25, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

(1) Respondent, [    ], Esq., was born in 1962. He graduated from the University of [    ] in 1984 and from the University of [    ] School of Law in 1987.

He was admitted to practice law in the Commonwealth of Pennsylvania in 1987. He is currently incarcerated at the [　] Jail, [　], Pa.

(2) On June 18, 1990 the respondent was involved in a motor vehicle accident on State Route [　], [　] Township, [　] County, Pa., in which he was injured and his passenger was killed.

(3) On June 28, 1990, a criminal complaint was filed against respondent in the Court of Common Pleas of [　] County at Criminal Action no. [　] of 1990, charging respondent with driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3731(a)(1) and (4)) and homicide by vehicle while driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3735(a)).

(4) On September 9, 1991 respondent entered a plea of guilty to homicide by vehicle (75 Pa.C.S. §3732) and driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3731(a)(1) and (4)).

(5) On September 9, 1991 respondent appeared before the Honorable [A] and was sentenced as follows:

(A) On the charge of homicide by vehicle, the respondent was sentenced to a period of incarceration in the [　] Jail for a minimum of 30 months to a maximum of 60 months. Respondent was further ordered to pay the costs of prosecution and was to be placed under the usual terms and conditions of [　] County Probation for the balance of his maximum sentence upon release from confinement.

(B) On the charge of driving under the influence of alcohol or controlled substance, the respondent was sentenced to a period of incarceration in the [　] Jail for a minimum of 48 consecutive hours to run concurrently with the homicide by vehicle sentence and

was further ordered to pay a fine in the amount of $300.

(C) The court authorized that the respondent's incarceration could be transferred to [ ] County.

(6) On April 8, 1992 Judge [A] signed an order granting the respondent work release privileges.

(7) On August 12, 1992 the respondent was placed on temporary suspension by order of the Supreme Court of Pennsylvania.

(8) Respondent has been employed as a paralegal with the [B] Law Office located at [ ], Pa., since he was granted work release privileges.

(9) Until the instant proceedings, respondent had never been the subject of a disciplinary complaint.

## DISCUSSION

Conviction of a serious crime (punishable by imprisonment for one year or upward, Pa.R.D.E. 214(i)) constitutes an independent ground for discipline. Pa.R.D.E. 203(d)(1). Respondent's certificate of conviction is conclusive evidence of his conviction. Pa.R.D.E. 214(e). The only issue before the board is the appropriate level of discipline to be imposed.

The principal function of the disciplinary system is to determine the fitness of an attorney to continue the practice of law. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). The system "serves to protect the courts and the public from unfit lawyers." *Lucarini, supra.*

"Where the disciplinary proceeding arises out of an attorney's conviction of a crime, our inquiry must focus on whether the attorney's character, as shown by his conduct, makes him unfit to practice law from the standpoint of protecting the public and the courts." *Office*

*of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512 A.2d 607 (1986).

On June 18, 1991 respondent and his friend attended a concert at the [    ] Amphitheater in [    ] County, Pa. Following the concert they became involved in a one-car accident. Respondent was injured and his passenger was killed in the accident. Respondent was charged with homicide by motor vehicle while driving under the influence of alcohol or a controlled substance and with driving under the influence of alcohol. He subsequently entered a guilty plea to homicide by motor vehicle and driving under the influence of alcohol.

The Hearing Committee unanimously recommended that respondent receive a private reprimand. Petitioner filed exceptions and has recommended that the proper disposition should be at least a suspension of one year and one day.

The consequences of respondent's conduct are tragic. A young woman was killed and respondent seriously injured. Respondent was prosecuted by the District Attorney of [    ] County and sentenced to a substantial period of incarceration. The board's duty is not to act as a secondary sentencing court. Rather, we are obligated to focus upon whether respondent's conduct "makes him unfit to practice law from the standpoint of protecting the public and the courts." *Casety, supra.*

The board has conducted de novo review of the record as is our obligation. The record reveals that respondent received a B.A. degree from the University of [    ] in 1984 and a J.D. degree from the University of [    ] School of Law in 1987. Following graduation he was employed as a law clerk by the Honorable [C], [    ] Judge of the Court of Common Pleas of [    ] County. He subsequently worked at small law firms in [    ] and in [    ]. Following the accident his employment

with the firm in [    ] was terminated and he accepted employment with the [B] Law Office in [    ]. [B] continued respondent's employment while respondent was on the work release program. After respondent was suspended, he began work as a paralegal with [B]. He is currently employed in that capacity.

Several members of the [    ] County Bar testified to respondent's good character and legal abilities. Their testimony was uncontroverted. There was furthermore testimony reflecting respondent's positive rehabilitative efforts since the accident.

Respondent has been convicted of two misdemeanor offenses. The Hearing Committee has recommended a private reprimand. The board is of the view that public discipline for a conviction of these offenses is warranted. *In re Anonymous No. 62 D.B. 78,* 14 D.&C.3d 284 (1979); *In re Anonymous No. 25 D.B. 82,* 25 D.&C.3d 558 (1983). The board does not feel, however, that a suspension is supported. The conviction had nothing to do with the practice of law. There is furthermore nothing of record which would lead to the conclusion that respondent is "unfit to practice law from the standpoint of protecting the public and the courts." *Casety, supra.* The board therefore recommends that respondent receive a public censure and that the temporary suspension be lifted.

## CONCLUSION OF LAW

The board has determined that respondent has violated the following Rule of Disciplinary Enforcement:

(a) Rule of Disciplinary Enforcement 203(b)(1)— "Conviction of a crime which under Enforcement Rule 214 (relating to attorneys convicted of crimes) may result in suspension."

150

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [　], be censured by the Supreme Court of Pennsylvania. The board further recommends that the suspension of August 12, 1992 be lifted. The board further recommends that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Pa.D.R.E. 208(b).

Ms. Lieber and Dean Carson dissent. Mr. Saltz abstains. Mr. Witherel recused himself. Messrs. Hill, Powell and Leonard and Ms. Flaherty did not participate.

## DISSENTING OPINION

LIEBER, *Member,* May 6, 1993—I dissent from the majority opinion, which fails to recognize the public dimension of the disciplinary system's mission and exonerates respondent's misconduct on grounds that it had nothing to do with the practice of law.

It is well established that the purpose of the disciplinary system is two-fold: to protect the public from unfit lawyers and to maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). See also, *In re Oxman,* 496 Pa. 534, 437 A.2d 1169 (1981); *cert. denied,* 456 U.S. 975 (1982); *Office of Disciplinary Counsel v. Lewis,* 493 Pa. 519, 426 A.2d 1138 (1981); *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981). The second prong of that mission, which the majority has not addressed, is particularly troublesome under the present circumstances, where respondent is currently incarcerated for a minimum of 30 months to a maximum of 60 months and yet seeks to actively

practice before the court as a licensed lawyer while under a work release program.

Each member of the bar assumes a public position when he or she is admitted to practice. This position in society demands that every lawyer exemplify the highest standards of respect for the law, as befits an "officer of the court." *Office of Disciplinary Counsel v. Casety,* 411 Pa. 177, 512 A.2d 607 (1986); *Stern,* citing *Johnson Disbarment Case,* 421 Pa. 342, 219 A.2d 593 (1966). Where one who has sworn to uphold the law is convicted of breaching it, the public's confidence may be jeopardized and the court's endorsement undercut. *Stern, supra.* In my mind, incarceration demands termination of practice for the extent of the served sentence. That is not to say the same lawyer cannot be considered for reinstatement upon completion of sentence, nor does it preclude a lawyer from employment as a paralegal while under a work release program.

I am concerned that the majority, by recommending to the Supreme Court that its order of temporary suspension be lifted, is placing the Disciplinary Board in a position by which it may be seen as second-guessing the trial court. Respondent here was not convicted of a summary offense. In fact, he pled guilty to homicide by vehicle and for driving while under the influence. It is not for the Disciplinary Board to undo or to recraft the sentence imposed by the trial court. To do so in this instance could set a difficult precedent for future adjudications should the board, on other occasions, be tempted to substitute its collective judgment for that of the trial court.

I further disagree with the majority's assumption that whether the misconduct was of a "professional" nature should be considered as determinative of the outcome. Consistency requires that a lawyer, sworn to uphold the integrity of the legal process, exemplify the highest stand-

152

ards of personal conduct, whether they are related to one's practice or to the public in general.

I regard the licensed practice of law while incarcerated as inconsistent with our goal of maintaining public confidence and trust in the legal system. Accordingly, I dissent and would recommend that the order of August 12, 1992 be made absolute until the expiration of respondent's sentence and that he then be considered for reinstatement.

Dean Mary Watson Carson joins in this dissent.

### ORDER

And now, November 23, 1993, upon consideration of the report and recommendations of the Disciplinary Board and dissenting opinion dated May 6, 1993, the petition for review and response thereto, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day, retroactive to August 12, 1992, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Zappala dissents and would accept the recommendation of the Disciplinary Board that respondent be subjected to public censure.