In re Anonymous No. 16 D.B. 90

Disciplinary Board Docket no. 16 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McGIVERN, *Member,* October 28, 1993—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania dated January 30, 1990, [respondent] was temporarily suspended from the practice of law in Pennsylvania pursuant to a criminal conviction in the United States District Court for the [     ] District of Pennsylvania for aiding and abetting the solicitation, demand, and acceptance of kickbacks to influence the operation of an employee benefit plan in violation of 18 U.S.C. §§1954 and 1952. He was sentenced to serve a term of imprisonment of one year and one day and fined the sum of $125,000.

The matter was referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E. Since respondent's conviction constituted independent grounds for discipline under Pa.R.D.E. 203(b)(1), a petition for discipline was filed on June 3, 1991. On December 17, 1991 a hearing was conducted before Hearing Committee [     ], chaired by [     ], Esquire, and included members [     ], Esquire, and [     ], Esquire. A continued hearing was held on April 21, 1992.

It was stipulated that Assistant Disciplinary Counsel be permitted to amend the petition for discipline to apply the rules which were in effect at the time of

the misconduct. In addition, letter briefs were filed on the limited issue of admissibility of tax liens.

Briefs were filed by petitioner and respondent with the Hearing Committee on June 17, 1992 and July 9, 1992, respectively. The Hearing Committee report was filed on May 12, 1993, which recommended a three-year suspension retroactive to January 30, 1990, the date of respondent's temporary suspension. The issue of tax liens was excluded by the Hearing Committee.

Neither party filed exceptions to the report of the Hearing Committee, and the matter was adjudicated at the meeting of the board which was held on June 16, 1993.

## II. FINDINGS OF FACT

The board adopts and incorporates by reference herein the following findings of fact which have been stipulated to by the parties and are supported by both documentary and testimonial evidence:

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania 15219, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1927 and was admitted to practice law in the Commonwealth of Pennsylvania in 1953. His most recent registered residence address is [    ].

(3) In 1978 respondent was retained as the legal services provider for the [A] Union Prepaid Legal Services Plan in exchange for a set amount per year per eligible worker received from the plan. The contract provided for representation of individual members in criminal, domestic, real estate, and landlord/tenant matters. (N.T. 78-79.)

(4) Respondent received approximately $150,000 per year for his services to the union members. (N.T. 80, 84, 88.)

(5) When [B] became business manager of the union in 1985, he and an associate visited respondent and demanded 10 percent, or $15,000 of the fees that respondent received from the plan. (N.T. 88.)

(6) Respondent agreed to make the payment in order to convince [B] and the associate to leave his office and to retain the plan as a client. (N.T. 88-89, 100-101.)

(7) Respondent paid the total amount in a course of several meetings with [B], knowing that such action was illegal.

(8) On or about January 21, 1988, respondent was indicted by a grand jury in the United States District Court for the [    ] District of Pennsylvania, captioned United States v. [respondent], Criminal no. [    ].

(9) On June 14, 1989, after a trial before the Honorable [C] and a jury, respondent was found guilty of Count Three of the eight count indictment which charged respondent with aiding, abetting and solicitation, acceptance and demand for kickbacks and gifts to influence the operation of an employee benefit plan in violation of 18 U.S.C. §§1954 and 1952.

(10) Respondent was sentenced to serve a term of imprisonment of one year and one day and fined the

438

sum of $125,000. However, he was released after serving seven months.

(11) By order of the Supreme Court dated January 30, 1990, respondent was placed on temporary suspension from the practice of law in Pennsylvania until formal proceedings by the Disciplinary Board determined the extent of final discipline to be imposed.

(12) Respondent has made only sporadic payments against his fine of $125,000.

(13) Respondent does not have any prior disciplinary record.

## III. CONCLUSIONS OF LAW

(1) Respondent's conviction for aiding and abetting the solicitation, acceptance, and demand of kickbacks to influence the operation of an employee benefit plan in violation of 18 U.S.C. §§1954 and 1952 constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(1).

(2) Respondent's conviction for bribery constitutes conduct which involves moral turpitude in violation of D.R. 1-102(A)(3) and adversely reflects upon his fitness to practice law in violation of D.R. 1-102(A)(6).

## IV. DISCUSSION

Rule 203(b)(1) of the Pennsylvania Rules of Disciplinary Enforcement provides that conviction of a serious crime shall be grounds for discipline per se. Hence, the only issue is the extent of discipline which is warranted. *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 296 (1990). In cases where the disciplinary proceeding arises out of a criminal conviction, the inquiry must focus on whether the respondent's character, as shown by his conduct, makes him unfit to practice law from the standpoint of protecting

the public and the courts. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512 A.2d 607 (1986).

In a disciplinary proceeding, each case is decided upon the totality of its facts. *Id.* The board acknowledges that respondent has possessed a flawless reputation since he began practice in 1953. Furthermore, he was only convicted on one count of the eight count indictment. The Hearing Committee believed that respondent was coerced by threats and intimidation, and the board found such evidence to be mitigating.

Consequently, the Hearing Committee recommended, and the board concurs, that respondent should receive a three-year suspension retroactive to the date of his temporary suspension in 1990. In a similar case, the board and the Supreme Court followed the recommendation of the Hearing Committee that respondent receive a retroactive suspension. Even though the respondent's conduct was severe, disbarment would constitute a punitive sanction. The board concluded that disbarment would not be required to protect the interests of the public. *In re Anonymous Nos. 61 D.B. 85 and 62 D.B. 81,* 12 D.&C.4th 211 (1989).

A number of other board decisions indicate that the board recommends less severe sanctions for conduct similar to that of the instant respondent. In one case the respondent's girlfriend coerced him to deliver payments to two police officers to ensure the continued operation of her massage parlor. When the police department was under investigation, respondent cooperated fully. Because he possessed a good reputation, lacked a disciplinary record, and the board considered him to be a "victim of extortion," the court imposed a retroactive four-year suspension. *In re Anonymous No. 43 D.B. 86,* 50 D.&C.3d 310 (1988). In a second case, respondent collected fees from clients for services

connected with black lung benefit claims before the government gave routine approval of his fees. After respondent was convicted in a federal court, he was suspended for a term co-extensive with his period of probation. *In re Anonymous No. 6 D.B. 84,* 37 D.&C.3d 605 (1985).

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent be suspended from the practice of law for a period of three years retroactive to January 30, 1990, the date of the court's order temporarily suspending respondent. It is further recommended that respondent be ordered to pay the costs of investigating and prosecuting this matter.

Ms. Flaherty and Mr. Kerns did not participate in the adjudication.

## ORDER

January 23, 1995—Rule to show cause entered by this court on May 4, 1994, is discharged. It is ordered that respondent be and he is suspended from the bar of this Commonwealth for a period of three years, retroactive to January 30, 1990, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Castille did not participate in the consideration or decision of this matter.

Mr. Justice Papadakos dissents and would enter an order disbarring respondent.

Mr. Justice Montemuro is sitting by designation.