**In re Anonymous No. 73 D.B. 97**

Disciplinary Board Docket no. 73 D.B. 97.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHULTZ, *Member,* December 18, 1998—

## I. HISTORY OF PROCEEDINGS

On March 26, 1997, respondent, [    ], pleaded guilty to one count of driving under the influence of alcohol, in violation of 75 Pa.C.S. §3731(a)(1). By order of Supreme Court dated June 13, 1997, this matter was referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

A petition for discipline was filed against respondent by Office of Disciplinary Counsel on June 19, 1997. Petitioner averred that as a result of the criminal convic-

tion, respondent committed a criminal act that was a serious crime and constituted an independent ground for discipline. Respondent filed an answer to petition for discipline on July 8, 1997. A disciplinary hearing was held on September 26, 1997 before Hearing Committee [ ] comprised of Chair [ ], Esquire, and Members [ ], Esquire, and [ ], Esquire. Respondent was represented by [ ], Esquire. Petitioner was represented by [ ], Esquire.

The Hearing Committee filed a report on May 14, 1998 and recommended that respondent receive a public censure.

Respondent filed a brief on exceptions on June 4, 1998 and requested the board impose a private reprimand.

Petitioner filed a brief on exceptions on June 19, 1998 and requested the board adopt the Hearing Committee recommendation.

A joint petition to reopen the record pursuant to Pa.R.D.E. §89.251 was filed on July 16, 1998. By order of the board of July 16, 1998, the board made the joint petition part of the record.

Oral argument was requested by respondent and held before a three-member panel of the board on July 21, 1998.

This matter was adjudicated by the board at the meeting of August 13, 1998.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is

invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born on September 20, 1956 and was admitted to practice law in Pennsylvania on December 5, 1988. His address is [ ].

(3) On March 26, 1997, respondent pleaded guilty to one count of driving under the influence of alcohol.

(4) The incident which gave rise to the conviction occurred on November 1, 1996. Respondent was driving down a street in [ ] and hit a parked car. Although there were people in the car, the accident involved no physical injury to any person.

(5) Respondent was sentenced to pay the costs of prosecution and a fine of $1,000, to serve a term of incarceration for a minimum of five days and a maximum of one year, and to perform 80 hours of community service.

(6) At the time of the hearing, respondent was on probation and was required to report to his probation officer once per month. A requirement of probation was that respondent attend alcohol highway safety classes, which he completed October 8, 1997.

(7) Respondent notified the Disciplinary Board of his conviction in a timely manner and cooperated with Office of Disciplinary Counsel.

(8) Respondent has two prior DUIs, which occurred on February 20, 1985 and September 26, 1989.

(9) As a result of the 1985 incident, which did not involve personal injury to anyone, respondent was admitted to the Accelerated Rehabilitative Disposition program.

(10) As a result of the 1989 incident, respondent was found guilty of one count of DUI and sentenced to not less than 48 hours and no more than 11 and one-half months in prison.

(11) At the time of the 1989 conviction, the Rules of Disciplinary Enforcement did not require that respondent report his DUI conviction to the Disciplinary Board, nor did the conviction serve as an independent basis for discipline.

(12) Respondent served his prison sentence and at the time of the disciplinary hearing had completed most of his community service requirements by reading to the blind.

(13) Respondent has no prior record of discipline.

(14) Respondent has spent the majority of his career in public service and is currently employed by the [A].

(15) [B], respondent's superior at [A], testified as to respondent's excellent legal skills. (N.T. 18-34.)

(16) Respondent testified that he does not have an alcohol or substance abuse problem. (N.T. 80, 81.) Respondent initiated contacts with a counselor to determine whether he had a problem. (N.T. 80, 81.)

(17) Respondent's work has not been negatively impacted by his use of alcohol. (N.T. 21, 24, 30.)

(18) Respondent testified that he knows he is at a turning point in his life and understands that his professional career is implicated if he is convicted of DUI again. (N.T. 93.)

(19) Respondent expressed remorse for his misconduct.

## III. CONCLUSIONS OF LAW

Respondent's conviction of driving under the influence of alcohol constitutes a serious crime within the meaning of Pa.R.D.E. 214 and is an independent ground for discipline pursuant to Pa.R.D.E. 203(b)(1).

## IV. DISCUSSION

As a result of respondent's conviction, there is no question as to whether misconduct occurred. Rule 214(e), Pa.R.D.E., states that a certificate of conviction serves as conclusive evidence of the commission of a crime in a disciplinary proceeding commenced against an attorney based on that conviction. *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 296 (1990). Furthermore, respondent's conviction establishes a per se basis for discipline pursuant to Rule 203(b)(1), Pa.R.D.E. Consequently, having established misconduct and the basis for the imposition of discipline, the dispositive issue before the Disciplinary Board is the measure of discipline to be imposed.

The primary purpose of the lawyer discipline system in Pennsylvania is the determination of the fitness of an attorney to continue the practice of law. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). In this capacity, the system is designed to preserve the integrity of the courts and protect the public. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994).

When a disciplinary proceeding is predicated on an attorney's conviction of a serious crime, the issue becomes whether the attorney's character, as shown by his or her conduct, renders the attorney unfit to practice law from the standpoint of protecting the public and the courts. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512 A.2d 607 (1986). Accordingly, it is necessary to review the events surrounding the conviction in order to ascertain the impact of the conviction on the measure of discipline.

Respondent was convicted of driving while under the influence of alcohol. He was driving down a street and struck a parked vehicle that was occupied by people. Respondent stopped, parked his own car and approached the vehicle. The police investigated the accident and arrested respondent at the scene. No injuries arose from the accident, although the parked car was damaged. Respondent served five days in prison, paid a fine, and completed community service hours as part of his sentence. Respondent lost his driver's license for one year due to his refusal to take a blood alcohol test. Respondent reported his conviction to the Disciplinary Board in a timely manner.

Respondent has a history of DUI arrests. Respondent received ARD in 1985 for a DUI. In 1989, he was convicted of DUI and sentenced to 48 hours imprisonment. The 1985 ARD occurred prior to respondent's admission to practice law. The 1989 conviction occurred subsequent to respondent's admission; however, at that time, he was not required to report the conviction to the Disciplinary Board, and no discipline was imposed. That

conviction was not an independent basis for discipline at that time.

Respondent testified at the hearing that he does not have an alcohol or substance abuse problem. He voluntarily sought an assessment from an alcohol counselor to determine whether or not he had a problem. The assessment indicated that he does not have a problem. Currently, his employment has not been adversely impacted by his use of alcohol or his convictions, but he understands that his situation is serious and a subsequent DUI could have lasting implications on his career. He recognizes that he is lucky no one was injured in any of the accidents he caused.

Each disciplinary case is reviewed on the totality of the circumstances surrounding the matter. There is no per se discipline in Pennsylvania for an attorney convicted of DUI. Discipline in the past has ranged from a private reprimand to a suspension. *In re Anonymous No. 62 D.B. 91,* 22 D.&C.4th 187 (1993); *In re Anonymous No. 127 D.B. 96* (1997); and *In re Anonymous No. 128 D.B. 96* (1998). As each determination was based on different facts, these cases do not mandate the level of discipline appropriate for the instant case. Respondent and petitioner cite numerous cases, including those cited above, in support of their respective positions as to appropriate discipline. While the board may look to these cases for general guidance, it recognizes that such cases are of somewhat limited value due to the disparity of facts. The disposition of these cases does not turn on the conviction standing alone. The details of the DUI, the respondent's actions and reactions, the respondent's expressions of remorse, evidence of alcoholism, and many

other factors too numerous to list are all deserving of individual attention and weight.

In this matter, respondent was convicted of one count of DUI which did not involve personal injury. He reported his conviction to the Disciplinary Board. He has fulfilled the requirements of his criminal sentence. Although respondent had a DUI conviction in 1989 and an ARD in 1985, the board does not give tremendous weight to these prior incidents as they are remote in time, and the ARD occurred prior to respondent's admission to law school. Further, the 1989 conviction cannot be considered as a prior offense, since at that time the conviction was not an independent basis for discipline. Respondent has no prior history of discipline. Respondent appears cognizant of the implications of his behavior and testified that he realizes he is at a turning point in his life. (N.T. 93.) He expressed remorse for his misconduct.

Considering the totality of the circumstances, the board is persuaded that a private reprimand is appropriate discipline for respondent. Respondent's misconduct does not render him so unfit as to warrant his removal from practice, nor does it require a public censure for his behavior. The sanction of private reprimand is an adequate deterrent for respondent.

## V. DETERMINATION

The Disciplinary Board of the Supreme Court of Pennsylvania determines that the respondent, [　], shall receive a private reprimand. The expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Miller dissented and would recommend a public censure.

Board Members Elliott and Iole did not participate in the August 13, 1998 adjudication.

ORDER

And now, December 18, 1998, upon consideration of the report and recommendation of Hearing Committee [   ] filed May 14, 1998, it is hereby ordered that the said [respondent] of [   ] County be subjected to a private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(a)(5) of the Pennsylvania Rules of Disciplinary Enforcement.

Costs are to be paid by the respondent.