## In re Anonymous No. 77 D.B. 97

Disciplinary Board Docket no. 77 D.B. 97.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HALPERN, *Member,* November 16, 1999—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order dated July 2, 1997, placing respondent, [    ], on temporary suspension and referring this matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f)(1). Respondent was temporarily suspended as a result of his criminal conviction of one count of indecent assault in violation of 18 Pa.C.S. §3126(a)(1). A petition for discipline was filed against respondent by petitioner, Office of Disciplinary Counsel on October 21, 1998. Respondent did not file an answer to the petition.

A hearing was held on March 30, 1999 before Hearing Committee [   ] comprised of Chair [   ], Esquire, and Members [   ], Esquire, and [   ], Esquire. Respondent was represented by [   ], Esquire. Petitioner was represented by [   ], Esquire. Respondent did not testify nor did he present any witnesses or evidence for consideration by the committee.

The committee filed a report on June 3, 1999 and recommended a three-year period of suspension retroactive to September 23, 1998, the date that the Supreme Court of Pennsylvania denied respondent's petition for allowance of appeal in his criminal matter.

This matter was adjudicated by the Disciplinary Board at the meeting of August 18, 1999.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is a formerly admitted attorney in the Commonwealth of Pennsylvania, having been admitted to practice in 1959, and temporarily suspended by order of the Supreme Court of Pennsylvania dated July 2, 1997. Respondent previously practiced law at [   ]. Respondent's home address is [   ].

(3) On or about February 22, 1996, a criminal complaint was filed against respondent before District Justice [A] by Sergeant [B] of the [ ] Township, [ ] County Police Department.

(4) The complaint charged respondent with one count of simple assault and one count of indecent assault.

(5) On April 2, 1996, a criminal information was filed for the Court of Common Pleas of [ ] County in the matter of *Commonwealth of Pennsylvania v. [Respondent]* no. [ ].

(6) By the aforementioned information, the attorney general of Pennsylvania charged respondent with one count of indecent assault in violation of 18 Pa.C.S. §3216(a)(1), which is a misdemeanor of the second degree.

(7) The information charged as follows:

"That the defendant did have indecent contact with another, not his spouse, and did so without the consent of the other person; to wit, the defendant did attempt to kiss [C], did fondle her breast, saying 'do you like this' and placed her hand on his genital area and did state to her 'do it,' when her head was near his genital area, all of which was without her consent."

(8) On February 12, 1997, the Honorable [D] entered a verdict of guilty against respondent after sitting at a non-jury trial.

(9) On February 12, 1997, respondent was sentenced as follows: (a) serve two years of probation; (b) pay a fine of $250; (c) undergo DNA testing; and, (d) submit to an evaluation and follow any recommended treatment.

(10) Respondent appealed the [ ] County judgment of sentence of February 12, 1997, to the Superior Court of Pennsylvania.

(11) On April 24, 1998, the Superior Court affirmed the judgment of sentence.

(12) On May 22, 1998, respondent filed in the Supreme Court of Pennsylvania, an allowance of appeal from the Superior Court judgment.

(13) On September 23, 1998, the Supreme Court denied respondent's petition for allowance of appeal.

(14) Respondent's probation started on March 23, 1999. His sentence was held in abeyance while his case was on appeal. Subsequent to the Supreme Court's denial of the petition for allowance of appeal, there was some confusion in the [   ] County probation office as to respondent's status, as he never reported to that office after his appeals had run. The trial court then determined the start date of the probation. Respondent's probation will end in March of 2001.

(15) Petitioner has no prior history of discipline.

### III. CONCLUSIONS OF LAW

Respondent's conviction of one count of indecent assault is an independent basis for the imposition of discipline pursuant to Pa.R.D.E. 203(b)(1).

Respondent's conduct is a violation of R.P.C. 8.4(b), which states that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

### IV. DISCUSSION

This matter is before the board upon a petition for discipline charging respondent with violations of Pennsylvania Rule of Disciplinary Enforcement 203(b)(1) and

Rule of Professional Conduct 8.4(b), based on his conviction of one count of indecent assault.

Rule 203(b)(1), Pa.R.D.E., provides that conviction of a serious crime shall be grounds for discipline. Rule 214(e), Pa.R.D.E., specifies that a certificate of conviction of an attorney for a serious crime shall be conclusive evidence of that crime. When a disciplinary proceeding is commenced against an attorney based upon a criminal conviction, the board does not engage in a retrial of the underlying facts of the crime. The board's responsibility is to determine the appropriate measure of discipline relative to the seriousness of the crime. The focal issue is whether the attorney's character, as shown by his or her conduct, makes the attorney unfit to practice law. *Office of Disciplinary Counsel v. Casety*, 511 Pa. 177, 512 A.2d 607 (1986). This test balances a concern for the public with a respect for the substantial interests of an attorney in maintaining his or her privilege to practice law. *Office of Disciplinary Counsel v. Lewis*, 493 Pa. 519, 426 A.2d 1138 (1981). It is appropriate for the board to examine the events surrounding the criminal charge as well as any aggravating and/or mitigating circumstances when determining an appropriate measure of discipline. *Office of Disciplinary Counsel v. Eilberg*, 497 Pa. 388, 441 A.2d 1193 (1982).

Respondent was found guilty in a non-jury trial of one count of indecent assault in violation of 18 Pa.C.S. §3126(a)(1). Indecent assault is a misdemeanor of the second degree and carries a maximum penalty of two years imprisonment. Respondent was sentenced to a term of probation of two years, which term commenced on March 23, 1999. Respondent appealed his judgment of sentence to the Superior Court, which affirmed respondent's judgment of sentence by order of February

12, 1997. Respondent filed a petition for allowance of appeal with the Supreme Court, which was denied by order dated April 24, 1998. Respondent was placed on temporary suspension from the practice of law by order of the Supreme Court dated July 2, 1997.

The underlying facts of the criminal conviction as gleaned from the record reveal that on one occasion on January 19, 1996, [C] met with respondent at his law offices in regard to receiving representation in a divorce. During the meeting, respondent attempted to kiss [C] and fondled her breast saying "Do you like that?" He then placed her hand on his genital area and grabbed her head to his genital area saying "Do it." These actions were done without [C's] consent.

The misconduct engaged in by respondent is quite serious. [C] came to respondent for legal advice and was treated in an offensive and outrageous fashion. Respondent assaulted her in his law office, a place where the victim believed she would receive assistance with her personal problems. Instead, respondent created more problems for [C]. Respondent's actions cast a negative reflection on the public perception of the legal profession.

The case law in Pennsylvania in this subject area is extremely limited. In the matter of *In re Anonymous No. 127 D.B. 94*, no. 64, disciplinary docket no. 3 (Pa. June 2, 1998), the attorney was convicted of three counts of indecent assault and was sentenced to imprisonment of three months to 18 months and two years of probation. The attorney asked three different women, either clients or married to clients, to come to his office on separate occasions ostensibly to review legal matters. The attorney then asked the women to stand in front of a wall calendar to look at dates. While the women were doing

this, respondent stood in back of them and engaged in offensive touching and other inappropriate behavior. The Disciplinary Board found that respondent's actions were extremely serious, as he used his law office to engage in these activities. The attorney specifically arranged the meetings with the women and arranged to have them stand in front of the wall calendar. The board viewed the attorney as using his power as a licensed professional to place the women in the compromising positions, thus abusing the trust of the women. The board recommended a five-year suspension retroactive to the attorney's temporary suspension. The Supreme Court imposed this discipline.

In another matter, *In re Anonymous No. 116 D.B. 93*, 31 D.&C.4th 199 (1995), a complainant filed a complaint with Office of Disciplinary Counsel alleging that her minor son's attorney had touched her offensively. Complainant and her family were known to the attorney and they shared a very good relationship. The attorney was hired to represent the minor son in a traffic offense. Complainant met with police one day to discuss the case and became involved in a confrontation with the police. Complainant was very upset and went directly to the attorney's office. He suggested they go to lunch. Then, without consent of complainant, the attorney held her and kissed her. Complainant became concerned and reminded the attorney that they were leaving for lunch. On the way to lunch, in the attorney's car, he placed his hand on her breast without permission and made an inappropriate suggestion. Complainant continued riding in the car and had lunch with the attorney. Complainant then told her husband later that day about the incident. The attorney called the next day to apologize and return the son's file. No criminal charges were filed against the attorney. Com-

plainant terminated the attorney's services. The board imposed a private reprimand.

These two cases suggest the range of behavior and discipline possible in such matters. The instant case falls in the middle of the cited cases in the level of seriousness. In the instant matter, one client was involved, and although the incident took place at the attorney's office, the victim was not summoned there by respondent in an attempt to carry out a planned assault, as happened to the three women in *No. 127 D.B. 94*. However, the instant case is more serious than *No. 116 D.B. 93*, as the woman in the cited case continued to lunch with the attorney and spend time with him after the inappropriate touching, and did not appear to show demonstrable concern for her safety. The victim in the case at bar was sufficiently disturbed to leave the law office and report the incident to the police.

The Hearing Committee recommended a three-year suspension retroactive to September 23, 1998, the date the Supreme Court denied respondent's petition for allowance of appeal. The board concurs with the committee as to the length of suspension. Certainly a criminal conviction for indecent assault on a client must be considered with the utmost gravity. This behavior, even though it occurred only once in respondent's 40-year legal career, as respondent points out, is intolerable and reflects adversely on respondent's character and fitness to practice law. The five-year suspension imposed in *No. 127 D.B. 94* dictates that a lengthy suspension is appropriate for this matter. A three-year suspension takes into consideration the factual differences between the cases.

The board recommends that the suspension be made retroactive to the date of respondent's temporary suspension on July 2, 1997. Generally in criminal convic-

tion cases if a respondent is suspended or disbarred it is made retroactive to the date of temporary suspension to reflect the time already spent on suspension by the attorney. *Office of Disciplinary Counsel v. Valentino*, 556 Pa. 609, 730 A.2d 479 (1999); *Office of Disciplinary Counsel v. Chung*, 548 Pa. 108, 695 A.2d 405 (1997). While there are exceptions to any rule, this case provides no factual reason to deviate from the accepted custom.

The board recommends a three-year period of suspension retroactive to July 2, 1997.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [ ], be suspended from the practice of law for a period of three years retroactive to July 2, 1997.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Rudnitsky did not participate in the August 18, 1999 adjudication.

## ORDER

And now, January 13, 2000 upon consideration of the report and recommendations of the Disciplinary Board dated November 16, 1999, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of three years, retroactive to July 2, 1997, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.