## In re Anonymous Nos. 18 D.B. 87 & 135 D.B. 89

Disciplinary Board Docket nos. 18 D.B. 87 & 135 D.B. 89.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHILLER, *Member,* February 7, 1994—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to this honorable court with respect to the above-captioned petitions for discipline.

### I. HISTORY OF PROCEEDINGS

The Supreme Court of Pennsylvania issued an order on October 18, 1984, immediately suspending respondent, [ ] from the practice of law. The order was entered in accordance with Rule 214(d), Pa.R.D.E. on the basis of respondent's August 10, 1984 conviction in the United States District Court for the [ ] District of Pennsylvania on charges of one count of conspiracy to distribute heroin in violation of 21 U.S.C. §846; one count of conspiracy to distribute cocaine, methaqualone and marijuana, in violation of 21 U.S.C. §846

and six counts of unlawful use of a communication facility (telephone) in violation of 21 U.S.C. §843(b). The order further directed that respondent comply with Pa.R.D.E. 217, and, pursuant to Pa.R.D.E. 214(f), referred the matter to the Disciplinary Board for the institution of a formal disciplinary proceeding at which the sole issue to be determined is the final discipline to be imposed.

On September 20, 1984, the Honorable [A], District Judge, sentenced respondent to a term of 54 years of imprisonment.

On March 29, 1985, the Office of Disciplinary Counsel filed with the Disciplinary Board a petition for discipline docketed at no. 89 D.B. 84.

On direct appeal, the Third Circuit Court of Appeals, by opinion dated January 6, 1986, reversed respondent's convictions and remanded the case to the district court for retrial.

Following the Third Circuit Court of Appeals reversal of respondent's convictions, the Supreme Court of Pennsylvania, by order dated March 27, 1986, reinstated respondent to the practice of law pursuant to Pa.R.D.E. 214(h).

By "application for withdrawal of petition for discipline" filed with the board secretary on April 21, 1986, the Office of Disciplinary Counsel requested that the petition for discipline be withdrawn without prejudice to the Office of Disciplinary Counsel's right to file a new petition for discipline in the event that respondent were retried and again convicted.

John M. Elliott, then Chairman to the Disciplinary Board, granted, by order dated May 22, 1986, the application for withdrawal of petition for discipline without prejudice to petitioner's right to file a new petition

for discipline at a new docket number in the event that respondent was retried and again convicted.

On July 7, 1986, pursuant to 28 U.S.C. §§144 and 455(a), respondent filed a motion with the district court seeking to recuse Judge [A] from his retrial. In support of his motion, respondent, his sister, [B] and his brother, [C] signed and filed notarized sworn affidavits falsely representing that Judge [A] physically struck respondent while respondent was testifying. In addition, respondent's affidavit falsely alleged that Judge [A] chased respondent around the courtroom. Judge [A] refused to recuse himself. However, pursuant to 28 U.S.C. §144, Judge [A] referred the matter to another judge.

Respondent was retried before District Court Judge [D] and a jury, and on November 18, 1986, the jury convicted respondent of three counts of using an interstate communication facility (telephone) to facilitate a conspiracy to distribute controlled substances, in violation of 21 U.S.C. §843(b). Respondent was also convicted of aiding and abetting, in violation of 18 U.S.C. §2, in connection with one count of facilitation.

On December 15, 1986, respondent was sentenced to a total term of 10 years of imprisonment.

Respondent filed a direct appeal of his convictions, which was denied by the Third Circuit Court of Appeals by order dated June 21, 1988.

The Supreme Court of Pennsylvania, by order dated March 6, 1987, placed respondent on temporary suspension from the practice of law in the Commonwealth of Pennsylvania pursuant to Pa.R.D.E. 214(d)(2). The order also directed respondent to comply with Pa.R.D.E. 217, and it referred the matter to the Disciplinary Board, pursuant to Pa.R.D.E. 214(f).

On December 7, 1988, the Office of the Disciplinary Counsel filed a petition for discipline (docketed at no. 18 D.B. 87) with the secretary of the Disciplinary Board. On December 13, 1988, respondent was served with the petition for discipline.

On April 13, 1988, respondent, and two of his siblings were indicted in a matter captioned *United States of America v. [respondent], [C]* and *[B]*, Criminal no. [    ], in connection with their sworn false affidavits in support of respondent's motion seeking Judge [A's] recusal.

On August 4, 1989, a jury convicted respondent of making false statements to a federal agency, in violation of 18 U.S.C. §1001, and corruptly endeavoring to influence, obstruct and impede the due administration of justice, in violation of 18 U.S.C. §1503. The jury found respondent not guilty of conspiracy. Co-defendants [C] and [B] were both convicted of making false statements to a federal agency and corruptly endeavoring to influence due administration of justice. Co-defendant [B] was also convicted of perjury, in violation of 18 U.S.C. §1621(1).

Respondent failed to report his convictions at no. [    ] to the secretary of the Disciplinary Board within 20 days of sentencing, in violation of Pa.R.D.E. 214(a).

In response to respondent's convictions for the crimes of making false statements to a federal agency and endeavoring to obstruct justice, the Pennsylvania Supreme Court, by order dated December 8, 1989, referred the convictions to the Disciplinary Board pursuant to Pa.R.D.E. 214(f).

On January 24, 1990, the Office of Disciplinary Counsel filed a petition for discipline, docketed at 135 D.B. 89 by the board's secretary. On March 12, 1990, re-

spondent was served with the petition for discipline filed at 135 D.B. 89.

By cover letter dated April 5, 1990, respondent filed with the secretary of the Disciplinary Board a motion for consolidation of both petitions for discipline.

The Office of Disciplinary Counsel, by letter dated April 20, 1990, indicated that it did not oppose respondent's request to consolidate both petitions for discipline in a single hearing. Noting that respondent's direct appeals in the matter at 18 D.B. 87 had been exhausted, the Office of Disciplinary Counsel requested that an order granting the motion for consolidation include the provision that respondent notify the secretary of the board within 10 days of the date that his direct appeals in the matter at no. 135 D.B. 89 become final so that the secretary of the board could promptly list both petitions for a disciplinary hearing.

By order dated April 24, 1990, John A. Tumolo, Chairman of the Disciplinary Board, granted respondent's motion with the provision that respondent notify the disciplinary board's secretary "within 10 days of the date that his direct appeals in the matter at no. 135 D.B. 89 becomes [sic] final. A hearing shall then be promptly scheduled before Hearing Committee [    ] of the proceedings docketed at nos. 18 D.B. 87 and 135 D.B. 89."

The Third Circuit Court of Appeals, by judgment order dated June 28, 1990, affirmed respondent's convictions at no. [    ].

The Office of Disciplinary Counsel, by letter dated November 19, 1990, reminded respondent of the Disciplinary Board's order and requested that respondent advise it of the status of his direct appeal.

On February 25, 1991, the Supreme Court of the United States denied, without comment, respondent's petition for a writ of certiorari.

Respondent did not notify the office of the secretary that his direct appeal in the matter set forth in 135 D.B. 89 had been exhausted, and, therefore, respondent failed to comply with the Disciplinary Board's order dated April 24, 1990.

The Office of Disciplinary Counsel, by letter dated March 22, 1991, requested that respondent advise it of the status of his petition for a writ of certiorari to the United States Supreme Court.

Respondent did not respond to the Office of Disciplinary Counsel's March 22, 1991 letter.

The Office of Disciplinary Counsel, by letter dated May 29, 1991, notified the secretary of the Disciplinary Board that the counsel had recently learned, through its own investigation, that respondent's petition for a writ of certiorari was denied by the United States Supreme Court on February 25, 1991, and that the record had been returned to the Third Circuit Court of Appeals on February 27, 1991. A copy of this letter was sent to the respondent.

Respondent, by letter dated June 10, 1991, to [   ], hearing planner in the office of the secretary to the Disciplinary Board, requested a further stay of proceedings.

By notice dated October 3, 1991, a hearing before Hearing Committee [   ] was scheduled for January 16 and 17, 1992. The hearing was not held and on January 10, 1992, the hearing was rescheduled.

A hearing on this matter was held before Hearing Committee [   ] on May 18, 1992, and was chaired by [   ], Esquire and included members [   ], Esquire

and [    ], Esquire. At this hearing, respondent entered into stipulations by which he admitted all of the material allegations contained in the petition for discipline. The committee received into evidence petitioner's 20 exhibits and respondent's three volumes of respondent's appendix and 88 stipulations of fact. Respondent testified on his own behalf in mitigation of discipline. In addition, respondent offered 16 witnesses testifying to his good character and ability to practice law.

On June 25, 1992, petitioner filed a brief in support of the disbarment of respondent as punishment for his disciplinary violations.

Respondent filed a memorandum in response to petitioner's brief on February 26, 1993, in which he proposed that the appropriate measure of discipline was suspension from the practice of law retroactive to October 18, 1984 and ending on the date that his memorandum was filed.

On May 23, 1993, the Hearing Committee filed its report on the consolidated matters and recommended that respondent be disbarred from the practice of law retroactive to October 18, 1984.

The matter was adjudicated at the August 27, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is now located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, PA 15219, is invested pursuant to Rule 207, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Penn-

sylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ] is currently suspended from the practice of law by order of the Supreme Court of Pennsylvania dated March 6, 1987, entered pursuant to Rule 214(d)(2), Pa.R.D.E.

(3) Respondent graduated from [    ] Law School in 1979 and was admitted to the practice of the law in the Commonwealth of Pennsylvania on April 27, 1979.

(4) From January 1981 to September 1983, [E] was the head of an organized drug network with international connections that received and distributed large quantities of illegally controlled substances in the [    ] area. [E's] illegal activities included inter alia, (a) bribing Jamaican officials to protect marijuana fields and export operations; (b) importing illegal controlled substances into the United States; (c) distributing approximately 45 kilograms of cocaine per month; (d) distributing approximately 1,000,000 quaaludes in [    ] each year; (e) attempting to distribute a large quantity of heroin; and, (f) laundering drug proceeds through legitimate businesses.

(5) Respondent was [E's] attorney for a period of time during 1982 and 1983.

(6) Respondent's representation of [E] went beyond giving advice regarding legitimate business transactions including, inter alia, being present at dinner and business meetings with [E] and members of [E's] crime organization at which [E] discussed his drug activities or arranged and negotiated drug transactions; aiding [E] in arranging meetings between [E] and his co-conspirators and drug suppliers at which he participated in coded and cryptic conversations in order to avoid detection

by law enforcement authorities; and, assisting [E] in a scheme to launder drug profits through a legitimate business.

(7) On September 19, 1983, respondent was one of 14 persons named in an indictment filed in the United States District Court for the [    ] District of Pennsylvania in a matter captioned *United States of America v. [respondent]*, Criminal no. [    ]. The indictment charged respondent with one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §846; one count of conspiracy to distribute cocaine, methaqualone and marijuana, in violation of 21 U.S.C. §9846; six counts of unlawful use of communication facility, in violation of 21 U.S.C. §843(b); and, one count of aiding and abetting, in violation of 18 U.S.C. §2.

(8) On June 4, 1984, 10 of the co-defendants pled guilty. Subsequently, two additional co-defendants pled guilty and a third co-defendant proceeded to trial and was convicted. [E] received life imprisonment without parole and the majority of the other co-defendants were sentenced to prison terms ranging from 10 to 35 years.

(9) A jury convicted respondent of all charges on August 10, 1984.

(10) On September 30, 1984, the Honorable [A], District Judge, sentenced respondent to the maximum term of 54 years of imprisonment.

(11) Respondent filed a direct appeal from his conviction to the United States Court of Appeals for the Third Circuit.

(12) Pursuant to Pa.R.D.E. 214(c), the Office of Disciplinary Counsel forwarded certified copies of the indictment, docket entries, judgment and commitment order to the Supreme Court of Pennsylvania.

(13) The Supreme Court of Pennsylvania, by order dated October 18, 1984, suspended respondent from the practice of law in the Commonwealth of Pennsylvania, directed that respondent comply with Pa. R.D.E. 217, and referred the matter to the Disciplinary Board pursuant to Pa.R.D.E. 214(f) for the institution of a formal disciplinary proceeding at which the sole issue to be determined shall be the extent of the final discipline to be imposed.

(14) By order dated November 9, 1984, [F], Chief Judge of the United States District Court for the [　] District of Pennsylvania, directed respondent to show cause why he should not be suspended from the practice of law in that court.

(15) United States District Judge [F], by order dated January 2, 1985, suspended respondent from the practice of law in the United States District Court for the [　] District of Pennsylvania.

(16) The Third Circuit Court of Appeals, by opinion dated January 6, 1986, reversed respondent's convictions and remanded the case to the district court for retrial.

(17) By order dated March 27, 1986, the Supreme Court of Pennsylvania pursuant to Pa.R.D.E. 214(h), reinstated respondent to the practice of law.

(18) At a March 14, 1986 hearing on a pending bail motion, respondent made oral application to Judge [A] for Judge [A's] recusal based upon, inter alia, Judge [A's] alleged personal bias and prejudice against respondent as manifested during the trial, which motion was renewed on March 19 and March 26, 1986.

(19) On March 26, 1986, Judge [A] ruled that he would permit respondent to renew his motion for disqualification after respondent received certain personal

legal papers stored at the federal correctional institution at [    ].

(20) On July 7, 1986, through his attorney, respondent filed a motion in the United States District Court pursuant to 28 U.S.C. §§144 and 455(a) seeking Judge [A's] recusal from respondent's retrial. In support of this motion respondent, his brother, [C], and his sister, [B], signed affidavits.

(21) Judge [A] refused to recuse himself pursuant to 28 U.S.C. §455(a). However, in accordance with 28 U.S.C. §144, Judge [A] referred the matter to another judge.

(22) This matter was assigned to the Honorable [G], Chief Judge for the United States District Court for the [    ] District of Pennsylvania. Judge [G] held oral argument on September 4, 1986.

(23) The retrial of case no. [    ] was assigned to the Honorable [D], Judge, United States District Court for the [    ] District of Pennsylvania.

(24) Prior to the retrial, the government filed a redacted indictment which deleted all counts in the original indictment that did not specifically name respondent.

(25) Respondent was retried before Judge [D] and a jury beginning on October 20, 1986.

(26) On November 18, 1986, the jury found respondent guilty of counts three, four and six of the redacted indictment each of which charged the use of interstate communication facilities (telephone) to facilitate a conspiracy to distribute controlled substances in violation of 21 U.S.C. §843(b) and aiding and abetting in relation to count three of the redacted indictment, in violation of 18 U.S.C. §2. Respondent was acquitted of charges of conspiracy and the remaining facilitation counts.

(27) A person who violates 21 U.S.C. §843(b) is guilty of a felony and may be sentenced to a term of imprisonment of not more than four years, a fine of not more than $30,000, or both. 21 U.S.C. §843(c).

(28) On December 15, 1986, Judge [D] sentenced respondent to a total term of 10 years imprisonment.

(29) By order dated December 16, 1987, Judge [D] modified respondent's sentence to a term of incarceration of 40 months (*i.e.,* time served) and to two five year terms of probation to run concurrently.

(30) Pursuant to Federal Rule of Criminal Procedure 35(a), respondent filed a motion to vacate, correct or reduce sentence.

(31) On December 23, 1987, respondent filed a notice of appeal from the partial granting of his motion to vacate, correct or reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(a), which was docketed in the Third Circuit Court of Appeals at no. [    ] and eventually consolidated with the appeal docketed at no. [    ].

(32) The Third Circuit Court of Appeals, by opinion dated June 21, 1988, affirmed respondent's convictions in the appeals docketed at nos. [    ] and [    ].

(33) On August 11, 1988, respondent filed a petition for rehearing with the Third Circuit Court of Appeals which was denied by order dated August 29, 1988.

(34) On October 4, 1988, respondent filed a petition for a writ of certiorari with the United States Supreme Court, which was docketed at no. [    ]. The petition was denied by order dated November 7, 1988.

(35) On August 15, 1988, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, respondent filed a motion for a new trial in case no. [    ]. This motion was summarily denied on August 16, 1988.

(36) On September 22, 1988, respondent filed a motion, memorandum and affidavit with the district court requesting a new trial on the basis of inter alia, newly discovered evidence and juror misconduct. The district court, by order dated October 3, 1988, denied respondent's motion.

(37) Respondent then filed an appeal of the district court's orders of August 16, 1988 and October 3, 1988, which were docketed in the Third Circuit Court of Appeals at nos. [    ] and [    ].

(38) The Third Circuit Court of Appeals, by judgment order dated March 16, 1989, affirmed the judgment of the district court. The third circuit subsequently denied respondent's petition for rehearing by order dated April 24, 1989.

(39) Respondent filed a petition for a writ of certiorari with the United States Supreme Court, which was docketed at no. [    ].

(40) On June 19, 1990, respondent filed in the district court a motion for a new trial. The basis for the motion was that a key government witness allegedly gave knowingly false sworn testimony and that the defense obtained newly discovered evidence. On June 20, 1990 respondent filed another motion for a new trial on the basis that the government withheld evidence that respondent's co-defendant, [E], had a mental infirmity.

(41) Respondent's motions for a new trial were denied by order dated September 18, 1990.

(42) Respondent filed an appeal to the Third Circuit Court of Appeals from this order, which was docketed at no. [    ].

(43) Respondent filed a direct appeal of his convictions, which was denied by the Third Circuit Court of Appeals and the United States Supreme Court.

(44) Respondent and two of his siblings were indicted in a matter captioned *United States of America. v. [respondent], [C] and [B],* Criminal no. [    ], in connection with their sworn false affidavits attached to respondent's motion seeking Judge [A's] recusal.

(45) The Honorable [H], Chief Judge of the Third Judicial Circuit designated and assigned the Honorable [I], Judge of the United States District Court of [    ], to preside over the matter in the [    ] District of Pennsylvania, by order of "designation of district judge for service in another district within his circuit," dated April 25, 1988.

(46) On May 11, 1988, the government filed a superseding indictment against respondent, [C] and [B] alleging perjury, making a false statement to a federal agency, endeavoring to obstruct justice, conspiracy to defraud the United States and aiding and abetting.

(47) By order dated July 26, 1988, Judge [I] dismissed the perjury, obstruction and conspiracy counts against respondent.

(48) The dismissal of these counts was appealed by the government and on May 16, 1989, the United States Court of Appeals reversed the district court's decision. *United States v. [respondent], [    ].*

(49) On July 31, 1989, trial in the matter of *United States of America v. [respondent], [C] and [B]* Criminal no. [    ], began before Judge [I] and a jury.

(50) On August 4, 1989, the jury convicted respondent of making false statements to a federal agency, in violation of 18 U.S.C. §1101, and corruptly endeavoring to influence, obstruct and impede the due administration of justice, in violation of 18 U.S.C. §1503.

(51) Co-defendant [C] was convicted of making false statements to a federal agency, corruptly endeavoring

to influence the due administration of justice and perjury. The jury acquitted [C] of the charge of conspiracy.

(52) The jury convicted co-defendant [B] of making false statements to a federal agency and corruptly endeavoring to influence the due administration of justice. The jury acquitted [B] of conspiracy.

(53) A violation of 18 U.S.C. §1101 is a felony punishable by up to five years of imprisonment and a fine of $10,000, or both.

(54) A violation of 18 U.S.C. §1503 is a felony punishable by imprisonment of up to five years and a fine of $5,000, or both.

(55) On September 27, 1989, respondent was sentenced to two concurrent three year terms of probation to run concurrent and coterminous with the period of probation imposed by Judge [D], to pay a $1,000 fine and, to pay a special assessment of $100 pursuant to 18 U.S.C. §3013 within 30 days of sentencing.

(56) On September 29, 1989, Judge [I] signed a judgment that erroneously stated that respondent's probationary sentences were to run "consecutively" to each other. An amended judgment at no. [    ], which reflected that the sentences of three years probation were concurrent terms, was then filed by Judge [I] on February 1, 1990.

(57) In violation of Pa.R.D.E. 214(a), respondent failed to report the fact of his convictions at no. [    ] to the secretary of the Disciplinary Board within 20 days of the date of his sentencing.

(58) On October 6, 1989 respondent filed a notice of appeal to the Third Circuit Court of Appeals from his convictions at no. [    ].

(59) Respondent, by cover letter dated April 5, 1990, filed a motion with the Disciplinary Board for con-

solidation of both petitions for discipline to be heard after all appeals had been concluded.

(60) Petitioner notified the secretary of the Disciplinary Board, by letter dated April 20, 1990, that it did not oppose the consolidation. Petitioner noted therein that respondent had exhausted all of his direct appeals for the criminal conviction that served as the basis for the petition for discipline at no. 18 D.B. 87 and clearly and unequivocally stated its position that the consolidated disciplinary hearing should not be deferred beyond the exhaustion of all of respondent's direct appeals of his criminal conviction in the matter at no. 135 D.B. 89.

(61) The Disciplinary Board issued an order dated April 24, 1990, which was served on respondent, which conformed with the requests set forth by the petitioner in its letter dated April 20, 1990.

(62) By judgment order dated June 28, 1990, the Third Circuit Court of Appeals affirmed respondent's convictions at no. [    ].

(63) On July, 12, 1990, respondent filed a petition for rehearing and hearing en banc in the Third Circuit Court of Appeals. The petition was denied by order ser [sic] petition for rehearing dated August 2, 1990.

(64) On October 30, 1990, respondent filed a petition for a writ of certiorari in the United States Supreme Court, which was docketed at no. [    ].

(65) On February 25, 1991, the United States Supreme Court denied respondent's petition for a writ of certiorari in the matter pertaining to respondent's convictions before Judge [I].

(66) In violation of the Disciplinary Board's April 24, 1990 order, respondent failed to notify the Disciplinary Board secretary that his direct appeal had been

exhausted, despite receiving written reminders and requests for status reports from petitioner both before and after the United States Supreme Court denied certiorari.

(67) Respondent's concurrent sentence of five years of probation imposed by Judge [D] expired on December 16, 1992.

(68) Respondent's concurrent sentences of three years of probation imposed by Judge [I] expired on September 27, 1992.

(69) Respondent has filed numerous motions collaterally attacking his convictions, all of which have been denied by the district court and the federal appellate courts.

(70) Respondent has stipulated to the majority of facts constituting the basis for the disciplinary violations.

(71) Respondent cooperated with the Office of Disciplinary Counsel in their investigation insofar as respondent provided the records of the district court proceedings upon request.

(72) Respondent has no prior record of discipline.

### III. CONCLUSIONS OF LAW

(1) Respondent's November 18, 1986 conviction for violations of 21 U.S.C. §843(b) and 18 U.S.C. §2 are conclusive evidence that respondent committed these criminal offenses as charged. Rule 214(e), Pa.R.D.E.

(2) Respondent's August 4, 1989 conviction for violations of 18 U.S.C. §1001 and 18 U.S.C. §1503 are conclusive evidence that respondent committed these criminal offenses as charged. Rule 214(e), Pa.R.D.E.

(3) Respondent's convictions on November 18, 1986 and August 4, 1989 are each independent grounds for disciplinary action. Rule 203(b)(1), Pa.R.D.E.

(4) Respondent's professional misconduct occurred in 1982, 1983 and 1986, and, therefore, is governed by the former Disciplinary Rules of the Code of Professional Responsibility, rather than the Rules of Professional Conduct which apply to conduct occurring after March 31, 1988.

(5) By his action of filing a false sworn affidavit in the district court, respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(3)—Prohibiting an attorney from engaging in illegal conduct involving moral turpitude;

(b) D.R. 1-102(A)(4)—Prohibiting an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and

(c) D.R. 1-102(A)(5)—Prohibiting an attorney from engaging in conduct that is prejudicial to the administration of justice.

(6) By his action of failing to report the fact of his convictions before Judge [I] to the secretary of the Disciplinary Board within 20 days of the date of sentencing respondent violated Pa.R.D.E. 214(a).

## IV. DISCUSSION

Respondent's two convictions are conclusive evidence that misconduct has occurred. Rule 214(e), Pa.R.D.E., states that a certificate of conviction serves as conclusive evidence of the commission of a crime in any disciplinary proceeding commenced against an attorney based upon the conviction. *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 19, 584 A.2d

296, 297 (1990). Furthermore, respondent's November 18, 1986 conviction of the serious crimes of using an interstate communication facility (telephone) to facilitate a conspiracy to distribute controlled substances, and aiding and abetting in the crime of facilitation, and his August 4, 1989 conviction for the serious crimes of making false statements to a federal agency and corruptly endeavoring to influence, obstruct and impede the due administration of justice, each constitute a per se basis for discipline pursuant to Rule 203(b)(1), Pa. R.D.E. Therefore, having established misconduct and the basis for the imposition of discipline, the only outstanding issue is the appropriate disciplinary measure to be imposed in light of respondent's criminal convictions.

It is well established that the primary task in disciplinary matters is "to protect the public from unfit attorneys and to maintain the integrity of the legal profession and the judicial process." *In re Oxman,* 496 Pa. 534, 544-45, 437 A.2d 1169, 1174 (1981), citing *Office of Disciplinary Counsel v. Lewis,* 493 Pa. 519, 426 A.2d 1138 (1981); *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981). Disciplinary procedures have been established "as a catharsis for the profession and a prophylactic for the public." *Lewis, supra* at 528, 426 A.2d at 1142. Thus, "[d]isciplinary sanctions 'are not primarily designed for their punitive effects, but for their positive effect of protecting the public and the integrity of the courts from unfit lawyers.' " *Office of Disciplinary Counsel v. Tumini,* 499 Pa. 284, 288, 453 A.2d 310, 312 (1982), quoting *In re Berlant,* 458 Pa. 439, 441, 328 A.2d 471, 473 (1974). Furthermore, it is incumbent on the disciplinary system to preserve the public confidence in the legal profession and the judicial system. *Office of Disciplinary Counsel v. Knepp,* 497 Pa. 396, 402, 441 A.2d 1197, 1200 (1982).

Therefore, when a disciplinary proceeding is based upon an attorney's conviction of a serious crime, the issue becomes whether the attorney's character, as shown by his conduct, makes the attorney unfit to practice law from the standpoint of protecting the public and the courts. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 181, 512 A.2d 607, 609 (1986), citing *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1975). Thus, it is necessary to examine the events surrounding respondent's criminal convictions in order "to weigh the impact of the conviction[s] upon the measure of discipline" to be imposed. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 391, 441 A.2d 1193, 1195 (1982), quoting *Office of Disciplinary Counsel v. Troback,* 477 Pa. 318, 320, 383 A.2d 952, 953 (1978).

Inasmuch as the issue before the board is the evaluation of respondent's conduct for disciplinary purposes, the board's final decision is based on the unique factual circumstances in this case. In addition, consideration of any mitigating or aggravating factors is appropriate. See *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983).

Respondent's conduct has been conclusively established. Respondent was an attorney for [E], who was the head of an organized drug network with international connections. Respondent was actively involved in the facilitation of a conspiracy to distribute cocaine, methaqualone and marijuana. He was present and active in discussions at numerous meetings at which the importation and distribution of these controlled substances was discussed. Respondent's conduct, for which he was convicted, constitutes a serious breach of respondent's professional responsibility.

An attorney's involvement in drug activities is a very grave matter that demands a severe sanction. It is axiomatic that an attorney must refrain from all conduct which is illegal and morally reprehensible. *Office of Disciplinary Counsel v. Simon,* 510 Pa. 312, 319, 507 A.2d 1215, 1219 (1986). (citations omitted) Respondent's conviction is conclusive proof that he has engaged in serious criminal behavior and that he has failed to meet the high ethical standards required of the legal profession. The sanction imposed must be sufficient "to assure the public of the system's awareness of the seriousness of a breach of trust by an attorney licensed to practice before [the] bar." *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 586, 506 A.2d 872, 879 (1986). It is clear that "[w]here one who has sworn to uphold the law actively conspires to breach it, his fitness to practice is unquestionably destroyed." *Campbell, supra* at 483, 345 A.2d at 622.

Furthermore, respondent's second conviction on August 4, 1989 not only constitutes an aggravating factor, but, standing alone, it is an independent ground for severe sanction. Respondent falsely swore in an affidavit that a district court judge had struck him and had chased him around the courtroom. Respondent's false swearing is evidence of an "egregious species of dishonesty which goes to the heart of the legal profession," *Office of Disciplinary Counsel v. Wittmaack,* 513 Pa. 609, 626, 522 A.2d 522, 530 (1987), quoting *Grigsby, supra* at 200, 425 A.2d at 733.

Respondent's conduct of false swearing in an affidavit violated Disciplinary Rules, D.R. 1-102(A)(3), D.R. 1-102(A)(4) and D.R. 1-102(A)(5). Moral turpitude has been defined as "anything done knowingly contrary to justice, honesty, principal, or good morals." *Office of Disciplinary Council v. Shorall,* 527 Pa. 413, 421,

592 A.2d 1285, 1289 (1991), quoting *Simon, supra* at 320, 507 A.2d at 1220. Respondent's unlawful conduct clearly involved moral turpitude.

In addition, respondent's filing of a false affidavit in an effort to obstruct justice evidences a grievous act of dishonesty in violation of D.R. 1-102(A)(4). "Truth is the cornerstone of the judicial system," and respondent's false swearing and dishonest conduct are the antithesis of the requirement of honesty. *Grigsby, supra* at 200, 425 A.2d at 733.

Finally, the purpose of D.R. 1-102(A)(5) is "to protect against any dishonest or disruptive conduct which would impede, delay or circumvent ... a judicial proceeding." *In re Anonymous No. 22 D.B. 88,* 14 D.&C.4th 74, 85 (1991). Respondent's lying in an affidavit submitted in support of a motion to recuse a judge is, without question, highly prejudicial to the administration of justice.

Respondent's criminal conduct adversely reflects on his fitness to practice law. Integrity in an attorney's personal and professional conduct is essential for the protection of the public, the courts and the profession itself. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 80-81, 526 A.2d 1180, 1186 (1987). Respondent's act of dishonesty establishes his unfitness to practice law. See *Wittmaack, supra* at 626-27, 522 A.2d at 530-31.

A further aggravating factor is respondent's failure, in violation of Rule 214(a), Pa.R.D.E. to notify the Disciplinary Board of his conviction before Judge [I]. Respondent's failure to report his conviction "adds to the extent of discipline to be imposed," *In re Anonymous No. 17 D.B. 87,* 50 D.&C.3d 281, 288 (1988). It is the obligation of an attorney practicing law in this Com-

monwealth to comply with the Rules of Disciplinary Enforcement.

Respondent's misconduct demonstrates dishonesty and a lack of moral character which cannot be justified. Such impropriety creates a danger to the public and a threat to the fair administration of justice. Moreover, it undermines the public's confidence in the profession and in the judicial system. See *Casety, supra* at 182, 512 A.2d at 610 ("even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession"). An attorney has been referred to as a "minister of justice" who ceases to be so when "whether in the line of his professional work or outside of it, he prostitutes his knowledge of the law and the skill he has acquired therein to thwart the law." *Eilberg, supra* at 395, 441 A.2d at 1197. (citation omitted)

Disbarment is an extreme sanction and is imposed with great caution. *Johnson Disbarment Case,* 421 Pa. 342, 345, 219 A.2d 593, 595 (1966). Moreover, disbarment is reserved for the most egregious cases because it represents a termination of the license to practice law without a promise of its restoration at any future time. *Keller, supra* at 586, 506 A.2d at 879. The matter considered herein is just such an egregious case. Respondent's misconduct involves illegal drugs as well as grave dishonesty before the court.

The board, having fully considered respondent's misconduct in violation of our criminal laws and the Disciplinary Rules and the additional aggravating factors as cited herein, concurs with the Office of Disciplinary Counsel and the Hearing Committee that disbarment is the only appropriate sanction. In light of the length of the temporary suspension (as of December 23, 1993, respondent will have been under suspension from the practice of law for more than nine years) and respon-

dent's lack of a prior record of discipline, the board recommends that the order of disbarment be made retroactive to October 18, 1984, the date when respondent was first suspended from the practice of law by order of the court.

## V. RECOMMENDATION

Based upon the foregoing discussion, the Disciplinary Board of the Supreme Court respectfully recommends to your honorable court that respondent, [      ] be disbarred retroactive to October 18, 1984.

The board further recommends that the court direct that respondent pay all the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Hill, Paris, Sloane, Saltz and Dean Carson did not participate in the adjudication.

## ORDER

And now, August 11, 1994, upon consideration of the report and recommendations of the Disciplinary Board dated February 7, 1994, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth, retroactive to March 6, 1987, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.