Office of Disciplinary Counsel v. Spangler

Disciplinary Board Docket no. 81 D.B. 2001, 89 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

CURRAN, *Member,* February 9, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On June 19, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline at no. 81 D.B. 2001 against respondent, Jeffrey Thomas Spangler. The petition charged respondent with professional misconduct based on his conviction of simple assault and recklessly endangering another person. Respondent filed an answer to the petition for discipline on July 11, 2001.

A disciplinary hearing was held on October 22, 2001, before Hearing Committee 2.07 comprised of Chair Jay H. Karsch, Esquire, and Members Lester G. Weinraub, Esquire, and James Keath Fetter, Esquire. Respondent appeared pro se.

Petitioner filed a petition to open the record on October 27, 2001, so as to present additional evidence regarding a subsequent matter that occurred on October

22, 2001. Respondent did not object to the petition to open. On August 1, 2002, petitioner filed a petition for discipline at no. 89 D.B. 2002 against respondent charging him with professional misconduct based on his conviction of simple assault. Petitioner filed a motion to consolidate the petitions, which motion was granted by order of the Disciplinary Board dated September 6, 2002.

A disciplinary hearing was held on January 28, 2003, before Hearing Committee 2.07. Respondent was represented by Samuel C. Stretton, Esquire.

Following briefing by the parties, the committee filed a report on May 20, 2003, and recommended that respondent be suspended from the practice of law for a period of 18 months.

Respondent filed a brief on exceptions and request for oral argument on June 4, 2003. Petitioner filed a brief opposing exceptions on June 23, 2003.

Oral argument was held on August 13, 2003, before a three-member panel of the Disciplinary Board consisting of Robert E. J. Curran, Esquire, C. Eugene McLaughlin and Laurence H. Brown, Esquire.

This matter was adjudicated by the Disciplinary Board at the meeting of August 28, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged mis-

conduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the rules.

(2) Respondent was born in 1952 and was admitted to practice law in Pennsylvania in 1978. He currently resides at 313 Diller Road, Hanover, Pennsylvania. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court.

(3) On June 8, 2000, respondent became involved in an altercation as a pedestrian at an intersection. Respondent called a man driving a car an obscene name. Respondent then pulled out some mace that he carried with him and told the man that if he approached him, respondent would use it. Respondent then brandished a gun and threatened the man.

(4) On December 13, 2000, a Montgomery County jury found respondent guilty of simple assault by physical menace in violation of 18 Pa.C.S. §2701(a) and recklessly endangering another person in violation of 18 Pa.C.S. §2705.

(5) On December 18, 2001, prior to his sentencing in the above crime, respondent was involved in another incident where he kicked a woman's vehicle and used obscene language. Respondent pleaded guilty to disorderly conduct and received a fine of $250.

(6) On March 7, 2001, respondent was sentenced to imprisonment for a term of 48 hours to 23 months, plus fines.

(7) On March 15, 2001, respondent filed a motion for reconsideration of sentence.

(8) On April 2, 2001, respondent was re-sentenced to two years of probation, a fine of $500 and 24 hours of community service.

(9) The above convictions were the subject of petition for discipline no. 81 D.B. 2001, which disciplinary hearing was held on October 22, 2001. Respondent represented himself at the hearing.

(10) On October 27, 2001, petitioner filed a petition to open the record to present additional evidence regarding a subsequent matter that occurred on October 22, 2001, shortly before the disciplinary hearing took place.

(11) On October 22, 2001, as respondent was en route to the disciplinary hearing at the District II office then in Blue Bell, PA, he was involved in a confrontation with two women walking a dog without a leash.

(12) After using offensive language, an exchange of words occurred between the dog owner and respondent. Respondent pulled out a can of mace and maced the woman and her dog.

(13) On June 3, 2002, in the Delaware County Court of Common Pleas, respondent pleaded guilty to simple assault by physical menace, in violation of 18 Pa.C.S. §2701(a)(1)(3).

(14) Respondent was sentenced to two years of probation.

(15) As a result of the October 22, 2001 incident, respondent was found in violation of the probation set by the court with respect to the December 13, 2000 conviction. His probation was revoked and he was sentenced to time served to 23 months at the Montgomery County Correctional Facility.

(16) Respondent was released on March 1, 2002, and paroled directly into the Pennsylvania Hospital.

(17) After respondent's incarceration, as a condition of his release from the Montgomery County Correctional Facility, he began treating with Dr. Steven Ager, a board certified psychiatrist. Respondent treated with Dr. Ager on a weekly basis from March 2002 until mid-August 2002.

(18) Respondent was treated for depression and prescribed the medication nortriptyline, which he voluntarily discontinued in November 2002.

(19) Respondent stopped treating with Dr. Ager because he could no longer afford the treatment and felt he was not receiving any benefits from it.

(20) Respondent currently takes Ativan for anxiety, which was prescribed by his physician in Hanover.

(21) Respondent currently lives with his parents in Hanover. He has not done any significant legal work since the disciplinary proceedings commenced as he indicated he is waiting for the outcome to be resolved.

(22) Respondent has no history of discipline.

(23) Respondent testified at the hearings.

(24) Respondent admitted that his conduct in all three incidents was inappropriate.

(25) Respondent believes that with respect to the October 21, 2001 incident he acted inappropriately but not criminally.

(26) By stipulation, two reports of Dr. Steven Ager were admitted into evidence.

(27) Dr. Ager indicated that although respondent is not completely cured, he has improved greatly and would benefit from continued psychotherapy.

(28) Dr. Ager opined that respondent would be able to practice law without detriment to the profession as long as he continues taking medication.

(29) Through stipulation, two letters of Dr. Robert Sadoff were presented by petitioner. Dr. Sadoff indicated that further treatment would benefit respondent and his prognosis would be better than if he were to discontinue treatment altogether.

(30) Two character witnesses appeared on behalf of respondent at the hearing on October 21, 2001. Eugene Tompkins is an attorney and high school friend of respondent. Marjorie Major-Cunius is a journalist who has known respondent since 1985.

(31) These witnesses testified to respondent's reputation in the community as a law-abiding and truthful person, but were unaware of respondent's altercation with the woman in the park, as it happened the morning of the hearing.

(32) Respondent did not present any character witnesses at the second hearing on January 28, 2003.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Disciplinary Enforcement and Rules of Professional Conduct:

(1) Simple assault by physical menace and recklessly endangering another person are "serious crimes" as defined by Pa.R.D.E. 214(j).

(2) Each of respondent's convictions for a serious crime constitutes a per se basis for discipline under Pa.R.D.E. 203(b)(1).

(3) Respondent violated R.P.C. 8.4(b) by committing criminal acts that reflect adversely on his honesty, trustworthiness or fitness as a lawyer in other respects.

## IV. DISCUSSION

This matter comes before the Disciplinary Board on consolidated petitions for discipline charging respondent with violation of the rules arising out of his convictions for simple assault and recklessly endangering another person. As with all disciplinary matters predicated on an attorney's conviction of a serious crime, the sole issue to be resolved is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982). Consideration is to be given to any aggravating or mitigating factors. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

Respondent engaged in three incidents of violence which involved confrontations with others, two of which put others in fear of imminent serious bodily injury.

In the first incident, respondent was a pedestrian at an intersection and called a motorist by a foul name. The driver pulled over and approached respondent, who pulled a can of mace and then brandished a gun. The second incident happened five days after a jury convicted respondent for the aforementioned conduct. He kicked a car and used obscene language towards the driver of the car. In the third incident, which occurred on the morning of respondent's disciplinary hearing for the aforemen-

tioned incidents, respondent got into a confrontation with a woman who was walking her dog without a leash. Respondent used mace on the woman and her dog.

Respondent's misconduct was serious and the timing of the incidents illustrates respondent's lack of remorse or recognition of the impact the misconduct would have upon him and the legal profession. The second incident happened mere days after he was convicted by a jury of similar misconduct. The third incident happened on the very morning of his disciplinary hearing addressing the sanction to be imposed for his initial misconduct. There is the expectation that respondent, on the day of his hearing, would have been more cognizant of his behavior and its effects. Respondent continued to act inappropriately, indeed criminally, as if he had learned nothing from the prior two incidents. While acknowledging that his conduct was inappropriate, respondent would not admit that his actions on October 22, 2001, were in violation of the law. He would only indicate that he had an encounter in the park, and there really was no harm. (N.T. 1/28/03 at 52.) When asked whether there was any excuse for his conduct he specifically stated that "there was no excuse for the lady attacking me on that day." (N.T. 1/28/03 at 48.). When asked what he learned from the incident where he displayed a gun, respondent answered, "Don't let him see the gun. In fact, let the gun alone." (N.T. 1/28/03 at 52.)

Respondent does admit that he has a tendency to become angry and that he needs to stop being provocative. Respondent received psychiatric treatment with Dr. Steven Ager pursuant to conditions of his release from incarceration, but he was only able to continue with this

treatment for approximately seven months due to monetary issues and his feeling that he was not benefiting from treatment anymore. Respondent also stopped taking the medication that Dr. Ager prescribed for depression. Respondent currently does not go to a psychologist or psychiatrist. He takes Ativan for anxiety, which was prescribed by a family doctor.

The reports of Dr. Ager and Dr. Robert Sadoff both opine that respondent would benefit from continued therapy and medication. At this time, however, it appears based on his testimony, that respondent is either not financially able to afford treatment or does not believe further treatment is necessary. Dr. Ager specifically states that respondent has a good prognosis to avoid future assaultive behavior if he continues to take nortriptyline, which respondent has ceased to do.

Based on the totality of the record, the board is persuaded that a suspension of 18 months, as recommended by the Hearing Committee, is appropriate in this matter. This is a serious matter and there is little in the record that serves to mitigate the discipline. The testimony of respondent's character witnesses is afforded little weight as they were not aware of the latest episode of confrontation committed by respondent. Respondent's character, as shown by his conduct, has made him unfit to practice law. *Office of Disciplinary Counsel v. Casety,* 511 Pa. 177, 512 A.2d 607 (1986). Respondent's prognosis is uncertain as he has stopped his medication and his psychotherapy. A suspension of 18 months will ensure that respondent has time to act on the changes he needs to make in his life. Further, respondent will be required to petition for reinstatement if he desires to practice law

in the future. At that time he will have to prove his fitness.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, Jeffrey Thomas Spangler, be suspended from the practice of law for a period of 18 months.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Rudnitsky did not participate in the August 26, 2003 adjudication.

## ORDER

And now, May 24, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated February 9, 2004, the petition for review and responses thereto, the petition for review is denied and it is hereby ordered that Jeffrey Thomas Spangler be and he is suspended from the bar of this Commonwealth for a period of 18 months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.